UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bruce Wright (2019-0116079), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 5273 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| Chicago Police Department, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff Bruce Wright, a pretrial detainee at the Cook County Jail, has filed a *pro se* civil rights action, 42 U.S.C. § 1983, relating to his arrest on January 15, 2019. According to Wright, on the day of his arrest, he received a telephone call from Sheila Cox, who had rented an apartment from Wright. R. 1 at 4. Cox told Wright that some Chicago police officers and Wright's parole officer had just "raided" the apartment. *Id*. In response, Wright went to the apartment and saw his parole officer there. *Id*. Although the parole officer "said he did not know about any search warrant being active," police arrested Wright anyway and charged him with being an armed habitual criminal and a felon or parolee in possession of a firearm based on a gun found at the apartment. *Id*. During Wright's prosecution, Cox "admitted that the gun [Wright] is being accused of belongs to her" and gave the prosecutors and the state judge an affidavit claiming ownership of the gun. *Id*. at 5. But the prosecutor and judge "failed to take [this] into consideration." *Id*. Wright then filed this suit against the Chicago Police Department. Although Wright does not request any specific relief, the gist of his complaint is that the ongoing state criminal proceedings against him are flawed because they are based on the purportedly false premise that he owned the gun. And his specific complaint is that the prosecutor and the state judge have "failed to take [this] into consideration," R. 1 at 5, even though the named defendant is the Chicago Police Department.

The problem with Wright's claim is that this Court must refrain from interfering with the ongoing state prosecution under *Younger v. Harris*, 401 U.S. 37, 50-54 (1971). *Younger* holds that a defendant in a state prosecution generally cannot mount a separate federal challenge to matters that he can raise in the pending state prosecution. *Younger* requires federal courts to abstain (in other words, hold off) from interfering in ongoing state court proceedings if those proceedings are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist

which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citations omitted).

Here, *Younger* abstention applies. Wright can raise his claim about the ownership of the gun in the ongoing state prosecution, including in the state appellate court if he is convicted. Litigating this issue in federal court would undermine the ongoing state criminal proceeding. Nor is there any extraordinary circumstances that would justify hearing a challenge to the ongoing state prosecution. In light of the impropriety of issuing injunctive relief against the prosecutor and state judge, the case is dismissed, though without prejudice to a complaint that does not seek injunctive relief against the prosecutor and state judge (such as a false arrest claim against the officers).

If Wright does file another case, a few notes are worth making. First, Wright previously filed a federal lawsuit where the Court recruited counsel for him, even though his complaint represents that this is his first federal lawsuit and his motion for attorney representation does not say that he has ever been represented by Court-recruited counsel. *See Wright v. County of Cook*, Case No. 08 C 5161 (N.D. Ill.) (Castillo, J.). Wright is notified that the Court's standard form requires him to list *all* pending and closed federal and state cases (which should include the cases listed above and any other federal and state cases he has filed). He is placed on notice that any intentional failure to disclose his complete and full litigation history in any future complaints might lead to sanctions, including dismissal of the case if appropriate.

Second, an audit of the Court's financial records shows that, as of September 9, 2019, Wright owes $327.64 in outstanding fees for Case No. 08 C 5161. It appears that the trust-fund officer at Wright's current place of confinement is not aware of this fee obligation and is not making monthly deductions. In connection with Case No. 08 C 5161, Wright must pay (and the facility having custody of him must automatically remit) to the Clerk 20% of the money he receives for each calendar month during which he receives $10.00 or more, until his fee obligations ($327.64) in that case are paid in full. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Wright's name and state that the payments are being made for Case No. 08 C 5161. The Court requests that the trust-fund officer at the Cook County Jail correct the Jail's records and ensure compliance with the Prison Litigation Reform Act. The Court also requests that the trust-fund officer ensure that any other facilities where Wright is transferred are placed on notice of Wright's outstanding fee obligations so they can do the same.

Third, because this is Wright's second federal lawsuit, he should be aware that if he is granted *in forma pauperis* status is another case, the percentage that is deducted each month will increase to 40% of all income until the entire fee is paid because filing-fee obligations aggregate (in other words, are added together). *See Bruce v. Samuels*, — U.S. —, 136 S. Ct. 627, 632-33 (2016). To illustrate, if Wright

2

receives $153 in gifts in a single month (like he did in July 2019), for now 20% ($15.30 based on a sample month of $153 in income) will be deducted each month for Case No. 08 C 5161 after the Jail corrects its records and restarts deductions. If Wright is allowed to proceed *in forma pauperis* in another case, then the deductions will increase to 20% + 20% ($30.60 based on a sample month of $153 in income).

Fourth, Wright is advised that for this case and any future litigation he might contemplate, if he receives enough income to pay the $400 fee after receiving this warning about the obligation to save and is aware of the factual basis of a lawsuit but then elects to spend those funds on personal items, then he might not be eligible to pay the fee in installments. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016). Of course, appropriate expenses like medical and criminal-defense costs would not count against Wright, but routine commissary items might.

Lastly, Wright's motion for attorney representation, R. 3, is denied because of the *Younger* abstention. Having said that, attorney Kenneth Flaxman filed a notice of availability for assignment to represent Wright. R. 5. Although the Court appreciates the notice, the case is dismissed on *Younger* abstention grounds. Of course, Flaxman may enter into an agreement with Wright to draft a complaint that does not run into abstention problems (as mentioned earlier, a false-arrest and associated complaint might be feasible, but would have to be directed at individual police officers rather than asking for injunctive relief against the prosecutor and the state judge). Wright is invited to file that type of complaint and mark it as a previously dismissed case so that the case is assigned directly to this Court's calendar. But without a current operative complaint, attorney recruitment is not appropriate right now.

ENTERED:


            s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: February 24, 2020

3